IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARLENE T. CASTILLO,**

    **Petitioner,**

v.                                                                           No. CV 14-0733 RB/LAM

**ARLENE HICKSON, Warden, et al.,**

    **Respondents.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*], filed August 15, 2014. Petitioner is incarcerated and proceeding *pro se*. Respondents filed their answer to the § 2254 petition on September 30, 2014. [*Doc. 7*]. No reply has been filed and the time for doing so has passed. United States District Robert C. Brack referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 5*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*] be **DISMISSED without prejudice**.

In her Petition, Petitioner raises the following claims: (1) that her counsel was ineffective for failing to represent Petitioner to the best of his abilities (*Doc. 1* at 5); (2) that her counsel's

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

"opinion caused the courts to make a decision in [her] case without adequate basis" (*id.* at 6); (3) that "[p]hone calls that were made supposeable [sic] were never recorded (weakness in the case)" and there was "[n]o discovery of [Petitioner's] case" (*id.* at 8); and (4) that information obtained from Petitioner and a co-defendant was obtained without reading them their *Miranda* rights (*id.* at 9).  Petitioner asks the Court to "[e]ither credit [her] time served or a lesser sentence."  *Id.* at 14.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.  *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

## I.  Procedural Background

On March 18, 2013, Petitioner pled guilty to charges of: (1) Trafficking (by Possession with Intent to Distribute), in violation of N.M.S.A. 1978 § 30-31-20, a first degree felony, and (2) Possession of Drug Paraphernalia, in violation of N.M.S.A. 1978 § 30-31-25.1(A), a misdemeanor.  *See* [*Doc. 7-1* at 1, Exhibit A] (*Judgment, Order and Commitment to the Corrections Department* entered in state district court).  Petitioner admitted that she is a habitual offender, which enhanced the sentence for her conviction for Count 1 by an additional one (1) year, pursuant to N.M.S.A. 1978 § 31-18-17.  *Id.* at 1-2.  On April 3, 2013, Petitioner was sentenced to a total term of imprisonment of twelve (12) years and four (4) months.  *Id.* at 2.  Upon completion of imprisonment, Petitioner will be placed on parole for a period of two (2) years.  *Id.*

On July 24, 2013, Petitioner filed a petition for writ of habeas corpus in the state district court (*id.* at 11-17, Exhibit D), and the state district court entered an order denying the petition on

October 8, 2013 (*id.* at 18, Exhibit E).  On March 31, 2014, Petitioner filed a second petition for writ of habeas corpus in the state district court (*id.* at 19-22, Exhibit F), and the state district court entered an order denying the second petition the same day (March 31, 2014) (*id.* at 23, Exhibit G). On August 15, 2014, Petitioner filed her petition for federal habeas relief in this Court, initiating this proceeding.  [*Doc. 1*].

"Pro se pleadings are to be construed liberally."  *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted).  Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for her.  *Hall v. Bellmon*, 935 F.2d 1106, 1110  (10th Cir. 1991)  (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citation omitted).  Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall*, 935 F.2d at 1110 (citations omitted).  Because Petitioner is a *pro se* litigant, the Court construes the allegations in her petition liberally.

## *II. Exhaustion of State Court Remedies*

As previously stated, in her petition Petitioner raises the following claims: (1) that her counsel was ineffective for failing to represent Petitioner to the best of his abilities (*Doc. 1* at 5); (2) that her counsel's "opinion caused the courts to make a decision in [her] case without adequate basis" (*id.* at 6); (3) that "[p]hone calls that were made supposeable [sic] were never recorded (weakness in the case)" and there was "[n]o discovery of [Petitioner's] case" (*id.* at 8); and (4) that information obtained from Petitioner and a co-defendant was obtained without reading them their *Miranda* rights (*id.* at 9).  Petitioner asks the Court to "[e]ither credit [her] time served or a lesser

sentence." *Id.* at 14. In response to the petition, Respondents contend that Petitioner's claims are not exhausted and should be dismissed without prejudice while Petitioner continues to exhaust her state-court remedies. [*Doc. 7* at 5-8].

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without [giving] an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it") (footnote omitted).

Here, Petitioner has failed to exhaust her state-court remedies because she did not file a direct appeal, and because the highest state court has not considered either of her state habeas corpus petitions. Therefore, Petitioner has not exhausted any claim relating to her state conviction. In addition, the Court notes that the state court docket shows that the filing fee was waived and Petitioner was granted free process from the New Mexico Court of Appeals on November 24, 2014, indicating that Petitioner may intend to appeal the denial of her second petition for a writ of habeas corpus. *See* Case No. D-503-CR-2012200225, New Mexico State Judiciary Case Lookup Application, http://www.nmcourts.com/caselookup/search.htm, site last checked January 9, 2015.[1] Since it appears that Petitioner's state proceedings remain pending, Petitioner's claims are unexhausted for that reason as well. *See Sims v. Snedeker*, No. 05-2190, 167 Fed. Appx. 47, 48, 2006 WL 322491 (10th Cir. Feb. 13, 2006) (unpublished) ("[S]tate claims remain unexhausted if state proceedings remain pending at the time the [federal] petition is filed.") (citation omitted).

When a petitioner has failed to fulfill the exhaustion requirement, as here, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). A federal

---

[1] The Court takes judicial notice of the state court docket for Petitioner's state habeas corpus petition, which is a public record and available using the New Mexico State Judiciary Case Lookup Application. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (stating that a court may take judicial notice of facts that are a matter of public record) (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed. Appx. 383, 391-92, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court may take judicial notice of docket sheet entries in related state court proceeding).

court will not consider defaulted claims unless (1) "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice" (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the Court determines that the claims can more easily be resolved on the merits (see § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies); *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

Here, Petitioner may still file an appeal of her second petition for a writ of habeas corpus with the New Mexico Court of Appeals, and, thus, the claims raised in that petition do not appear to be procedurally barred. Those claims are: ineffective assistance of counsel; "[d]isparity of sentence;" violation of due process; and cruel and unusual punishment. [*Doc. 7-1* at 19, Exhibit F] (petition for writ of habeas corpus filed in the state district court on March 31, 2014). In addition, there is no statute of limitations in New Mexico that would prevent Petitioner from bringing another state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007). Ordinarily "New Mexico state courts will not consider any issues raised in a second post conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (*quoting State v. Gillihan*, 1974-NMSC-060, ¶ 10, 86 N.M. 439, 524 P.2d 1335, 1336 (1974)). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (*citing Gillihan*, 1974-NMSC-060, ¶ 11). Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights[,] or must go to the foundation of the case or take from

the defendant a right which was essential to his defense." *Gillihan*, 1974-NMSC-060, ¶ 13 (citation and internal quotation marks omitted). Petitioner's unexhausted claims may be found to allege error that potentially "go[es] to the foundation of the case or take[s] from the defendant a right which was essential to [her] defense." *Id.* Thus, New Mexico courts may find that Petitioner's claims are not precluded from state review under the doctrine of fundamental error. Therefore, because there is still a possibility of state review of Petitioner's claims, in the interest of comity, the Court finds that Petitioner's claims are not procedurally defaulted. *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist). For the foregoing reasons, the Court recommends that Petitioner's petition should be dismissed without prejudice for failure to exhaust her state court remedies.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that the claims in Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*] be **DISMISSED without prejudice** on the grounds that the claims raised in the petition have not been exhausted.

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**